**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARREN BROWN, #M50137,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 3:22-cv-01321-SMY** |
| ) | |
| **CODY PIPER,** ) | |
| **JOSHUA CRAWFORD,** ) | |
| **KEVIN T. JOHNSON, and** ) | |
| **NATHAN ATTEBURY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darren Brown, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 7): Following an investigation initiated by Internal Affairs Officer Cody Piper regarding the sale and distribution of K2 (synthetic marijuana) at Lawrence, Internal Affairs Officer J. Crawford issued Plaintiff a disciplinary report. Plaintiff was found guilty after a hearing before Adjustment Committee Members Kevin Johnson and Nathan Attebury and given three months segregation and six months contact visit restriction. Several days later, Plaintiff received notice that Jasmine Willis-Rucker

was permanently restricted from visiting any inmate in IDOC because Internal Affairs believed her to be the source of the K2.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:[1]

Count 1:     Fourteenth Amendment claim against Piper, Crawford, Johnson, and Attebury for due process violations in the disciplinary proceedings against Plaintiff including withholding evidence, relying on misleading evidence from confidential sources, and finding Plaintiff guilty without sufficient evidence

## Discussion

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id.* Relatedly, in assessing whether disciplinary segregation triggers a protected interest, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *See Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

According to the Adjustment Committee Final Summary Report, Plaintiff received three months segregation and six months contact visit restriction as a result of the disciplinary proceedings. Plaintiff has not included any allegations in the Complaint regarding the conditions of his confinement during his time in segregation, and three months in segregation, standing alone,

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

does not implicate a protected liberty interest.  *See Marion v. Columbia Corr. Inst.*, 559 F3d 693, 698 (7th Cir. 2009).  Additionally, a six month contact visit restriction does not implicate a protected interest.  *See Overton v. Bazzetta,* 539 U.S. 126, 136 (2003).  Nor does the permanent visitor restriction for Ms. Rucker implicate a protected interest.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989).

Because Plaintiff's allegations do not show that a potential violation of a protected interest, he fails to state a claim.  Therefore, the Complaint will be dismissed.  Plaintiff will be granted leave to file a First Amended Complaint to address the deficiencies the Court has identified.

### Disposition

The Complaint (Doc. 7) is **DISMISSED without prejudice** for failure to state a claim for relief.  Plaintiff is **GRANTED** leave to file a First Amended Complaint by **August 24, 2022**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-1321)**.  The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

 An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint.  The First Amended Complaint must stand on its own, without reference to any previous pleading.  Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**