IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN BROWN, #M50137, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01321-SMY |
| | ) |
| CODY PIPER, | ) |
| JOSHUA CRAWFORD, | ) |
| KEVIN T. JOHNSON, and | ) |
| NATHAN ATTEBURY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darren Brown, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Lawrence Correctional Center. Following preliminary review under 28 U.S.C. § 1915A, the Complaint was dismissed for failure to state a claim and Plaintiff was granted leave to file a First Amended Complaint (Doc. 10). The First Amended Complaint is now before the Court for § 1915A review.[1]

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 15): Plaintiff was issued a disciplinary report following an investigation by Internal Affairs Officers Cody Piper and Joshua Crawford. According to Piper and Crawford, confidential sources stated Plaintiff was responsible for distributing synthetic marijuana in Lawrence Correctional Center.

---

[1] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff was found guilty after a hearing before Adjustment Committee Members Kevin Johnson and Nathan Attebury and given three months segregation and six months contact visit restriction.

Based on the allegations in the First Amended Complaint, the Court designates the following claim in this *pro se* action:[2]

> Count 1: Fourteenth Amendment claim against Piper, Crawford, Johnson, and Attebury for due process violations in the disciplinary proceedings against Plaintiff including issuing a false disciplinary report, withholding evidence, relying on misleading evidence from confidential sources, and finding Plaintiff guilty without sufficient evidence

## Discussion

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis added). A court analyzing an alleged due process claim in the context of prison disciplinary hearings considers: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id.*

Plaintiff's original Complaint was dismissed because he did not allege facts showing that a protected interest was implicated. In assessing whether disciplinary segregation triggers a protected interest, the Court looks to the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *See Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015). Here, there are no allegations regarding the conditions of Plaintiff's confinement

---

[2] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

in segregation. And three months in segregation, standing alone, does not implicate a protected liberty interest. *See Marion v. Columbia Corr. Inst.*, 559 F3d 693, 698 (7th Cir. 2009). Additionally, a six month contact visit restriction does not implicate a protected interest. *See Overton v. Bazzetta,* 539 U.S. 126, 136 (2003). As a result, Plaintiff once again fails to state a claim. The First Amended Complaint will be dismissed and Plaintiff will be given a final opportunity to address the deficiency the Court identified in his Complaint and First Amended Complaint.

## Disposition

The First Amended Complaint (Doc. 15) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a Second Amended Complaint by **September 21, 2022**.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "Second Amended Complaint" and use the case number for this action (No. 22-1321)**. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915A. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The Second Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the Second Amended Complaint.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 22, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**