IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREN BROWN, #M50137,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-01321-SMY |
| | ) |
| **CODY PIPER,** | ) |
| **JOSHUA CRAWFORD,** | ) |
| **KEVIN T. JOHNSON, and** | ) |
| **NATHAN ATTEBURY,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darren Brown, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Lawrence Correctional Center. Following preliminary review under 28 U.S.C. § 1915A, the Complaint and First Amended Complaint were dismissed for failure to state a claim (Docs. 10, 16). Plaintiff was given a final opportunity to address the deficiencies in his Complaints by filing a Second Amended Complaint (*see* Doc. 17), which is now before the Court for review.[1]

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 17): Plaintiff was issued a disciplinary report following an investigation by Internal Affairs Officers Cody Piper and Joshua Crawford. According to Piper and Crawford, confidential sources stated Plaintiff was responsible for distributing synthetic marijuana in Lawrence Correctional Center.

---

[1] Under 28 U.S.C. § 1915A, any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Following a hearing before Adjustment Committee members Kevin Johnson and Nathan Attebury, Plaintiff was found guilty and given three months of segregation and six months of contact visit restriction. Plaintiff alleges that numerous violations of the Illinois Administrative Code related to the disciplinary proceedings resulted in due process violations.

Based on the allegations in the Second Amended Complaint, the Court designates the following claim in this *pro se* action:[2]

> Count 1: Fourteenth Amendment claim against Piper, Crawford, Johnson, and Attebury for due process violations in the disciplinary proceedings against Plaintiff including issuing a false disciplinary report, withholding evidence, relying on misleading evidence from confidential sources, and finding Plaintiff guilty without sufficient evidence

## Discussion

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When a prisoner raises a due process claim related to disciplinary proceedings, the Court undertakes a two-part analysis. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). The Court first evaluates whether the prisoner was deprived of a protected liberty interest. If so, the Court then evaluates whether the process he was afforded was constitutionally deficient. *Id.* The Complaint and First Amended Complaint were dismissed because Plaintiff did not allege facts suggesting he was deprived of a protected interest.

A six-month contact visit restriction does not implicate a protected interest, *Overton v.*

---

[2]Any claim that is mentioned in the Second Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

*Bazzetta,* 539 U.S. 126, 136 (2003), and an inmate's liberty interest in avoiding segregation is limited. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). In assessing whether disciplinary segregation gives rise to a protected liberty interest, courts look to "the combined import of the duration of the segregative confinement *and* the conditions endured." *Marion*, 559 F.3d at 697 (emphasis in original).

Three months in segregation, standing alone, does not implicate a protected liberty interest. *Id.* at 698. And once again, Plaintiff has failed to plead any facts regarding the conditions of his confinement in segregation. Without a showing that Plaintiff was deprived of a protected liberty interest, he fails to state a Fourteenth Amendment due process claim.[3]

To the extent Plaintiff alleges violations of the Illinois Administrative Code, § 1983 "protects plaintiffs from constitutional violations, not violations of state laws or ... departmental regulations and police practices." *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003). Further, without commenting on the merits of any intended state law claims, the Court declines to exercise supplemental jurisdiction over any such claims. *See* U.S.C. § 1367(c)(3) (court may decline supplemental jurisdiction over a claim if it has "dismissed all claims over which it has original jurisdiction").

Plaintiff has had three opportunities to plead a meritorious § 1983 claim and has failed to do so. The Court twice advised Plaintiff why his allegations failed to state a due process claim and gave him opportunities to address the deficiencies the Court identified. He has either declined to provide additional information or can present no facts to support a meritorious claim. Under the circumstances, he will not be granted another opportunity to amend.

---

[3] Because Plaintiff has not pled a protected liberty interest, the Court does not need to consider whether the disciplinary hearing was conducted in accordance with procedural due process requirements.

3

**Disposition**

The Second Amended Complaint (Doc. 17) is **DISMISSED without prejudice** for failure to state a claim for relief.[4]

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

The Clerk of the Court is **DIRECTED** to enter final judgment and close this case.

**IT IS SO ORDERED.**

**DATED:**     April 24, 2023

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[4] This dismissal qualifies as a strike under 28 U.S.C. § 1915(g).